NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RICKY EMERY KAMDEM-OUAFFO, trading as Kamdem Group,**
*Plaintiff-Appellant*

**v.**

**NATURASOURCE INTERNATIONAL, LLC, LASZLO POKORNY, individual and in his capacity with NaturaSource International, LLC, HILL'S PET NUTRITION, INC., COLGATE-PALMOLIVE COMPANY,**
*Defendants-Appellees*

**JOHN DOES 1-10, ABC CORP. (1-10),**
*Defendants*

---

2026-1708

---

Appeal from the United States District Court for the District of New Jersey in No. 3:15-cv-06290-MAS-JBD, Judge Michael A. Shipp.

-------------------------------------------------

**RICKY KAMDEM-OUAFFO, trading as Kamdem Group,**
*Plaintiff-Appellant*

**v.**

**COLGATE PALMOLIVE CO., et al.,**
*Defendants-Appellees*

**MS. KIM, et al.,**
*Defendants*

————————————

2026-1726

————————————

Appeal from the United States District Court for the District of New Jersey in No. 2:22-cv-06623-CCC-JBC, Judge Claire C. Cecchi.

--------------------------------------------------

**RICKY KAMDEM-OUAFFO, trading as Kamdem Group,**
*Plaintiff-Appellant*

**v.**

**COLGATE PALMOLIVE CO., HILL'S PET NUTRITION INC, LASZLO POKORNY,**
*Defendants-Appellees*

————————————

2026-1758

————————————

Appeal from the United States District Court for the District of New Jersey in No. 2:15-cv-07902-CCC-JBC, Judge Claire C. Cecchi.

————————————

**ON MOTION**

————————————

PER CURIAM.

## ORDER

Having considered the parties' responses to this court's show-cause orders and Ricky Kamdem-Ouaffo's motion for summary disposition, we dismiss these appeals.

### I.

In 2013, Mr. Kamdem-Ouaffo filed a state-court case alleging misappropriation of proprietary pet food flavoring information. After the parties briefed cross-motions for summary judgment, Mr. Kamdem-Ouaffo, in 2015, removed the case to federal district court. Meanwhile, the state court granted summary judgment in favor of defendants. The district court ultimately remanded the case to state court, concluding that the complaint did not support federal subject matter jurisdiction and that the removal was untimely.[1] Following remand, Mr. Kamdem-Ouaffo did not appeal the state court judgment through the state court system.[2] Instead, he has spent the past decade seeking relief in federal court, filing (1) complaints that were dismissed on res judicata, the *Rooker-Feldman* doctrine,

---

[1] The district court also awarded defendants their attorney fees, which the United States Court of Appeals for the Third Circuit affirmed. *See Kamden-Ouaffo v. NaturaSource Int'l, Inc.*, 693 F. App'x 172 (3d Cir. 2017). The district court and Third Circuit's dockets and captions appear to misspell Mr. Kamdem-Ouaffo's name in this case.

[2] Mr. Kamdem-Ouaffo does not appear to have sought any relief in state court until 2022 when he moved the trial court to vacate the judgment, which was denied.

and other grounds and (2) numerous motions for reconsideration in his federal cases.[3]

In Appeal No. 2026-1708, Mr. Kamdem-Ouaffo seeks our review of the district court's orders that denied, *inter alia*, his recent motion for reconsideration of the 2015 remand decision and his motion to recuse. And in Appeal Nos. 2026-1726 and 2026-1758, he seeks review of the district court's order that denied, *inter alia*, his recent motions seeking relief from the judgments dismissing his cases and his fourth motion to amend the complaint. In part because these cases were previously appealed to the Third Circuit, *see NaturaSource*, 693 F. App'x 172; *Colgate Palmolive I*, 2022 WL 382032; *Colgate Palmolive II*, 2024 WL 3250938, we directed the parties to show cause whether these appeals should be transferred or dismissed. Mr. Kamdem-Ouaffo contends we have jurisdiction. Appellees in 2026-1726 respond that we lack jurisdiction.

## II.

We need not resolve any dispute about whether this court or the Third Circuit has subject matter jurisdiction over these appeals. Regardless, dismissal is appropriate here.

Mr. Kamdem-Ouaffo's collateral challenges to the merits of the remand decision are barred by 28 U.S.C.

---

[3]    *See, e.g., Kamdem-Ouaffo v. Colgate Palmolive Co.*, No. 23-2982, 2024 WL 3250938 (3d Cir. July 1, 2024) ("*Colgate Palmolive II*") (affirming dismissal); *Kamdem-Ouaffo v. Colgate Palmolive Co.*, No. 21-1198, 2022 WL 382032 (3d Cir. Feb. 8, 2022) (*Colgate Palmolive I*) (affirming dismissal); *Kamdem-Ouaffo v. Leblon*, 673 F. App'x 223 (3d Cir. 2016) (affirming dismissal); *Kamdem-Ouaffo v. Colgate Palmolive Co.*, No. 15-cv-7902, 2026 WL 884875, at *2–3 & n.5 (D.N.J. Mar. 31, 2026) (detailing successive motions for reconsideration).

§ 1447(d), which provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." *See Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127–28 (1995) ("As long as a district court's remand is based on a timely raised defect in removal procedure or on lack of subject-matter jurisdiction . . . a court of appeals lacks jurisdiction to entertain an appeal of the remand order under § 1447(d)."); *see also Agostini v. Piper Aircraft Corp.*, 729 F.3d 350, 353 (3d Cir. 2013) ("[I]f we do not have jurisdiction to review a remand order itself, we cannot have jurisdiction to review a motion to reconsider a remand order."); *NaturaSource*, 693 F. App'x at 173 ("As Kamdem-Ouaffo acknowledges, because the District Court remanded the matter to state court based on lack of subject-matter jurisdiction, this Court lacks jurisdiction to review the District Court's remand order.").

Any remaining challenge is frivolous. Mr. Kamdem-Ouaffo's motion for recusal was based on his disagreement with the district court's prior rulings. But, as the Third Circuit has already explained to him, such arguments "provide[] no colorable basis for recusal." *Colgate Palmolive I*, 2022 WL 382032, at \*2. Mr. Kamdem-Ouaffo's most recent attempts to revive the dismissed actions are likewise entirely without merit. His challenges are predicated on the argument that the state court judgment is void. But the Third Circuit has already affirmed dismissal of the actions, finding he forfeited that argument, *see id.* at \*2 n.4, and Mr. Kamdem-Ouaffo has demonstrated no non-frivolous basis for relief. Because he has not demonstrated any non-frivolous basis for appellate jurisdiction or raised any non-frivolous challenge to the district court's orders, we dismiss.

Accordingly,

6                          KAMDEM-OUAFFO v. COLGATE PALMOLIVE CO.

IT IS ORDERED THAT:

(1)  The appeals are dismissed.

(2)  All pending motions are denied.

(3)  Each party shall bear its own costs.

FOR THE COURT

July 27, 2026                                           Jarrett B. Perlow
Date                                                      Clerk of Court